[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff John J. Battles, Superintendent of Schools for the Town of West Hartford and Alexander T. Nardone, Director of Pupil Services in that school system, appeal the decision of the defendant Freedom of Information Commission (FOIC) on a complaint brought by defendant Elinor Halpern. The FOIC's decision was issued pursuant to General Statutes 1-21i. The plaintiffs bring this appeal pursuant to 1-21i(d) and 4-183. The court finds the issues in favor of the defendants.
Most of the factual background of this appeal is undisputed. Beginning in 1990 and continuing through January 1992, defendant Halpern was embroiled in a dispute with the town concerning an appropriate education program for her son. This dispute involved several forums, including the state board of education and the federal district court. In October 1991, Halpern requested plaintiff Nardone to furnish her a list of textbooks used by the West Hartford school system for the fifth grade. Nardone, and subsequently plaintiff Battles, refused to provide such a list. Halpern thereupon filed a complaint with the FOIC in which she requested an order requiring the plaintiffs to provide the list of textbooks and a civil penalty pursuant to General Statutes 1-21i(b).
Subsequent to Halpern's complaint but prior to the FOIC's hearing on it, the plaintiffs furnished Halpern a list of textbooks. This list was specially compiled in CT Page 8513 response to Halpern's request and showed the books used in the fifth grade at the Webster Hill School. At the time of Halpern's request, there had existed a partial, somewhat outdated list for the 1990-1991 school year. The list ultimately given to Halpern was an updated version of this older list.
Although the town had essentially complied with her original request, Halpern pressed her complaint to the FOIC, demanding civil penalties against the plaintiffs and damages for their delay in complying with the freedom of information statutes. Accordingly, the FOIC convened a hearing on her complaint.
Following the hearing, the FOIC issued its final decision on November 12, 1992. In that decision, the FOIC found that the 1990-1991 partial list of textbooks and some handwritten updates were public records existing at the time of Halpern's request but that the plaintiffs did not adequately respond to her request for access to those records. The FOIC concluded that the plaintiffs had violated the freedom of information statutes in that regard. The FOIC declined, however, to grant Halpern's request for the imposition of civil penalties, citing the "emotional circumstances concerning this case." Instead, the FOIC issued only the following order:
 Henceforth the [plaintiffs] shall strictly comply with the provisions of 1-15 and 1-19(a), G.S.
The statutes referred to in the order are the basic freedom of information statutes requiring public agencies to provide access to their records.
A preliminary review of the file and record in this case raises a question concerning the plaintiffs' aggrievement, which in turn calls into question the court's jurisdiction. General Statutes 4-183(a); Bakelaar v. West Haven, 193 Conn. 59, 65 (1984). In accordance with General Statutes 4-183(i), the court heard evidence, in the form of testimony from plaintiff Nardone and defendant Halpern, on that subject.
In Light Rigging Co. v. Department of Public Utility Control, 219 Conn. 168 (1991), the court held that "[t]he CT Page 8514 fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party . . . must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community as a whole. Second, the party . . . must successfully establish that the specific personal and legal interest has been specifically and injuriously affected by the decision. . . . [A]ggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations and internal quotation marks omitted).
In the present case, the plaintiffs have clearly demonstrated a personal and legal interest in the subject matter of the FOIC's decision. That decision concerned compliance with the freedom of information statutes in the maintenance of public records for which they were and are responsible. Moreover, defendant Halpern was seeking the imposition of monetary civil penalties against them, and the decision addressed that issue as well.
The second prong of the aggrievement test requires that the plaintiffs in this case establish that the FOIC decision specifically and injuriously affected their personal and legal interests in the subject matter of the decision. The court has carefully considered the evidence in the record, the testimony at the court hearing, and the legal arguments of the parties, and concludes that the plaintiffs have not demonstrated the requisite adverse effect on their personal and legal interests. Central to the argument of the plaintiffs on this issue is their assertion in their brief on appeal that the FOIC decision requires them to create new records — i.e. the updated book list in this case — upon request from a member of the public. The decision simply does not say that, however, and plaintiff Nardone implicitly conceded that it does not during his testimony to the court. The decision merely says that the plaintiffs should have searched for and provided Halpern those records which did exist, in whatever form they then existed. In this regard, therefore, the decision does not impose any burden on these plaintiffs that is different in any respect from the obligations that the law imposes on any official responsible for the CT Page 8515 maintenance of public records. Since the plaintiffs had already complied with that obligation in this case, prior to the decision, and since the decision does not require them to provide custom-made records in the future, they are not aggrieved in that regard.
In rejecting the plaintiffs' argument that the FOIC decision illegally requires them to create records, the court does not overlook what actually happened here. Plaintiff Nardone in fact did create a new book list for Halpern, a list that had not existed in that form prior to her request. And the court finds that he acted conscientiously and commendably in doing so because he desired to provide her a list that was up-to-date and accurate.
The court has already noted that the decision does not impose any civil penalty on either plaintiff, so they are not aggrieved in that respect.
Finally, the court notes that the only positive obligation that the decision imposes on these plaintiffs is that they comply with the freedom of information laws in the future. This is, of course, required of everyone in their position. As discussed above, furthermore, the factual context of this case does not embellish that general obligation with any specific burden peculiar to their situation. In particular, as noted, the decision does not require the plaintiffs to produce records when none exist.
Based on the foregoing considerations, the court concludes that the FOIC decision does not specifically and injuriously affect any personal and legal interest of the plaintiffs and that they are not, therefore, aggrieved by it within the meaning of General Statutes 4-183. Accordingly, the court lacks jurisdiction.
The appeal is dismissed.
Maloney, J. CT Page 8516